# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| RTI HOLDING COMPANY, LLC, | |
| Debtor | Case No. 20-12456 |
| | (Jointly Administered) |
| RUBY TUESDAY, INC., | |
| Plaintiff | Adversary Case No. 20-51046-JTD |
| v. | |
| MOODY NATIONAL RUBY T. LLC, | |
| Defendant | |

### DECLARATION OF EVAN PAPPAS IN SUPPORT OF DEFENDANT MOODY NATIONAL'S MOTION FOR DENIAL OR CONTINUANCE OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Evan Pappas, declare under penalty of perjury as follows:

1. I am counsel for Defendant, Moody National Ruby T, LLC. ("Moody National") in the above-captioned proceeding (the "lawsuit").

2. I have personal knowledge of the information contained herein.

3. This lawsuit stems from a Lease between Plaintiff and Moody National.

4. No discovery has transpired in this lawsuit, which was recently filed. In addition, the parties have not engaged in a Rule 26(f) conference.

5. I believe in good faith that there are facts currently unavailable to Moody National which could be unveiled through written discovery and depositions which could permit Moody National to defeat Plaintiff's pending Motion for Partial Summary Judgment.

**Exhibit A**

6. There are several specific facts discovery might unveil which would defeat summary judgment. Those specific facts could include, *inter alia:*

   a. Plaintiff's expenses at the Restaurant decreased proportionately to its revenue decreases;
   b. Plaintiff's gross revenues from the Restaurant every month exceeded its lease obligations;
   c. Plaintiff had positive EBIDAT on a year to date basis from the Restaurant from and after March 2020 notwithstanding the implementation of the Government Regulation;
   d. Plaintiff was open and operating at all times from and after March 2020 notwithstanding the implementation of the Government Regulation, initially with take-out and delivery and in after the Summer with in-restaurant dining;
   e. Plaintiff failed to avail itself of a forbearance offer;
   f. Information pertaining to a PPP Loan which could be used to pay expenses such as payroll and rent yet Plaintiff defaulted under its Lease;
   g. Information concerning factors other than the Government Regulations that may have negatively impacted operations such as bad reviews on the internet or customer dissatisfaction;
   h. Information concerning the amount of revenues and cash on hand for the Debtor's fiscal year to date of operations in which Debtor had profits and whether those funds were or could have been utilized from and after March to offset lost revenue;
   i. A comparison of Plaintiff's revenue to the capacity of the hotel adjacent to the Premises and whether poor management decisions were a significant contributing factor to revenue decline; and
   j. Information pertaining to Debtor's strategies implemented at its other locations where revenues remained steady or re-increased from and after March 2020.

7. Moody National should be afforded an opportunity to conduct discovery regarding the nature, scope, terms and conditions of the Lease and the Force Majeure provisions and Debtor's failure to perform under that lease agreement.

8. Discovery is warranted to address these issues before any summary judgment motions are addressed.

9. Among other things, Plaintiff's corporate representatives will need to be deposed regarding their understanding of the agreement, interrogatories and document requests will need to be served upon Plaintiff, and the parties need to exchange their Rule 26 Initial Disclosures.

10. Moody National will be filing an Answer, Affirmative Defenses and Counterclaim some or all of which require written discovery and depositions to establish a factual record sufficient to defeat Plaintiff's Motion for Partial Summary Judgment. The specific facts which discovery might unveil relative to Moody National's Affirmative Defenses include, in addition to the facts raised above, *inter alia*:

   a. Relative to Moody National's frustration of purpose defense: facts showing Plaintiff's performance was not excused because the purpose for which the parties entered into the unwritten agreement was not frustrated by an unforeseen event;
   b. Relative to Moody National's illegality defense: facts indicating Plaintiff acted contrary to law in relation to the transactions at issue;
   c. Relative to Moody National's estoppel and waiver defenses: facts leading to the conclusion that Plaintiff is unable to assert a right due to Plaintiff's intentional relinquishment of a right and/or facts showing it would be inequitable under the circumstances to award the relief sought;
   d. Relative to Moody National's defense that the Complaint is barred, in whole or in part, under principles of recoupment and set-off, facts relative to Moody's counterclaim;
   e. Relative to Moody National's defense that the Complaint fails to state a claim upon which relief may be granted: among other things, facts showing the agreement included conditions precedent to payment and/or imposed obligations on Plaintiff which were not met or satisfied.

11. There are many pertinent facts which discovery might unveil relative to Moody National's Affirmative Defenses. As such, Moody National should be afforded an opportunity to conduct discovery before Plaintiff's Motion for Partial Summary Judgment is addressed.

12. I believe most or all the discovery issues which emanate from Plaintiff's Motion for Partial Summary Judgment will likely be implicated with respect to a claim for damages for breach of contract in the Moody Counterclaim. Furthermore, even if Plaintiff prevailed on the pending Motion for Partial Summary Judgment, I do not believe it would be entitled to any abatement of rent as the facts will show that the cause of Debtor's failure to pay rent was within its control. As such, the issues can and should be addressed in a singular summary judgment motion. Therefore, I believe judicial economy would be furthered if the Court denies Plaintiff's

partial summary judgment motion and entertained summary judgment motions at a later date following the close of the pleadings and conclusion of discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on January 15, 2021.

_____
Evan Pappas

TADMS:5443508-1 026059-190343